Caldwell, J.
This cause comes into this court on a writ of error to the district court of the county of Defiance. The original proceeding was an action of slander, brought by the plaintiff in error, Jane Cowan, against Ira W. Ladd. On the trial in the common pleas, exception was taken to the reading of certain depositions offered on the part of the plaintiff. The exceptions were overruled by the court, and the depositions read in evidence. A verdict and judgment being rendered for the plaintiff, a writ of error was prosecuted to the district court; that court reversed the judgment of the common pleas, on the ground that said depositions had been erroneously received in evidence; which judgment of reversal of the district court is now alleged on the part of the plaintiff in error to be erroneous. The depositions about which- the controversy has arisen are depositions taken in the State of Indiana by the plaintiff. The defendant cross-examined the witnesses. In' the heading to the depositions, it is stated that the depositions were taken in accordance with the notice which is attached. Nt the head of each deposition, it is stated that the witness was sworn “ as hereafter certified.” The certificate of the officer is complete in every particular, except that the word sworn is omitted; that part of the certificate, after reciting the names of the several witnesses, proceeds thus: “ being by me first to testify to the truth, the whole truth, and not anything but the truth,” etc. In the first place, we would remark that the officer has set forth -in each instance, at the commencement of the deposition, that the witness was sworn, and has referred to the certificate following for the manner in which he was sworn. When we refer to the certificate. as directed, we there see clearly and definitely stated the man *282 ner—“to testify the truth, the whole truth,” etc. Here is a manner set forth by terms ^peculiar to the mode of swearing. It can refer to nothing else. Here, then, if we are right in this view of the case, it is stated that the witnesses were sworn to “ testify to the truth, the whole truth,” etc.—in other words, the certificate is complete ; for wo apprehend that the fact that the statement that the witnesses were sworn is inserted in one part of the same paper, and the manner of swearing inserted in another, when they are connected by a direct reference, as in this ease, can make nO' difference.
But if wo are mistaken in the foregoing construction of the certificate, there is another ground upon which we think the depositions were properly read in evidence, and it is on this that we place the decision. No exception had been taken to these depositions until they were about to be read on the trial.
The fifth rule of practice adopted by the former Supreme Court for the circuit reads thus : “ No exceptions to depositions for other-causes than the competency of the witness or relevancy of the testimony shall be heard, unless the same be made in writing and notice thereof given to the opposite counsel .before the cause is called for trial.” Ohio Forms and Practice, 446. This, we believe, has become a rule of universal observance in all our courts, and was recognized as the law of practice in the case of Ash v. Barlow, 20 Ohio, 127, 128. And so reasonable and necessary is the rule that, in the absence Of any positive enactment in the form of a rule-of court, it would appear that the general principles of practice would require its adoption.
This case, we think, comes clearly within the rule, and the objection, if one existed, required that it should be noted, and notice thereof given to the opposite party before the trial. The defect was a mere formal one. The objection did not go to the competency of the witness. That relates to the right of the party to be heard at all, without reference to the manner of the introduction of his evidence. It did not relate to the relevancy of the evidence. That applies to the particular statements made by the witness, whether pertinent to the issue or not. The competency of the evidence *does not apply to the form of its introduction, but to> its inherent character, as legitimate and proper to prove the tact intended to be established. We can not say, because the deposition is objectionable and liable to be ruled out, that the evidence, within *283 the meaning of the rule, is therefore incompetent. Otherwise there-would be no sense in the rule. It would have no effect whatever. The rule clearly applies to a case where tho evidence is, within its meaning, competent, but where, from some other defect in the deposition, it is liable to be ruled out. Nor do wo think that, the objection being to the certificate, in not stating that the witnesses were sworn, it could be said that they were not depositions, and therefore could not come within the provisions of tho rule. They were taken under notice as depositions. Both partios appeared and examined the witnesses. They were certified to, and treated by the officer as depositions. And the rule supposes such a case, and calls by the name of depositions such papers as are not legal depositions, and therefore liable to be ruled out as evidence— plainly calling by the term “ depositions ” such papers as purport-to be so, although they may not be legally such.
Many cases will necessarily occur where exceptions maybe taken to depositions, which are merely formal, which the partios may waive, where justice will be promoted by their being waived ; and the court, to prevent parties from being taken by surprise after the trial has commenced, and for the furtherance of justice, have determined that all such objections shall be raised before tho trial commences, or the party claiming the objection shall be hold estopped from making them. The objection to these depositions, if any existed, was one of this formal kind, and the party not having raised it until after the trial commenced, must be held to have waived it. We think, then, the court of common pleas held correctly in admitting the depositions,' and that the district court, in reversing the j udgmont of the common pleas, erred.
The judgment of the district court will therefore be reversed,, and the judgment of the common pleas affirmed.
Corwin, C. J., dissented.